**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-30154**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**3,000.00 IN U.S. CURRENCY,**

**Defendant,**

**CHARLES R. SANDERS,**

**Claimant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(95-CV-967)**
_____

**November 29, 1996**

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Charles R. Sanders appeals the judgment in favor of the Government, following a bench trial, in a 21 U.S.C. § 881(a)(6) civil forfeiture proceeding. Sanders contends that the district court erred by finding that the Government showed probable cause to believe that the $3,000 was intended to facilitate a drug-

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

trafficking offense, based on his assertion that the evidence presented by the Government was not believable. Needless to say, we will not disturb the district court's credibility determinations. *See United States v. Land, Property Currently Recorded in Name of Neff*, 960 F.2d 561, 563 (5th Cir. 1992).

Sanders' other contentions are also without merit. The Government's filing of a judicial complaint 50 months after the seizure was not an unreasonable delay, considering its mistaken belief that Sanders previously had received notice of the administrative forfeiture. *See United States v. $17,420 in United States Currency*, No. 94-10711, at 3-4 (5th Cir. May 2, 1995) (unpublished); *see also* 5TH CIR. R. 47.5.3 (unpublished opinions issued before January 1, 1996, are precedent).

Sanders' contention that the forfeiture violated his right to be free from double jeopardy, because he has been punished criminally for the conduct referenced in the forfeiture, is without merit. *See United States v. Ursery*, ___ U.S. ___, 116 S. Ct. 2135, 2147-49 (1996). Next, Sanders' claim of perjury regarding the location of the funds is without merit because their location is not material and had no bearing on the outcome of the case. *See United States v. Dunnigan*, ___ U.S. ___, 113 S. Ct. 1111, 1116 (1993). Finally, Sanders was not forced to incriminate himself when he was required to testify at the forfeiture trial regarding

- 2 -

his drug-trafficking offenses.  *See* ***United States v. Little Al***, 712 F.2d 133, 135-36 (5th Cir. 1983).

***AFFIRMED***